138 F.Supp.2d 142 (2001)
STATE POLICE FOR AUTOMATIC RETIREMENT ASSOCIATION, et al., Plaintiffs,
v.
John DIFAVA, Superintendent of the Dept. of State Police,[1] et al., Defendants.
No. CIV. A. 01-10053-PBS.
United States District Court, D. Massachusetts.
March 28, 2001.
*143 Michael C. McLaughlin, Boston, MA, for State Police, for automatic retirement association (SPARA), Plaintiffs.
Thomas A. Barnico, Deborah S. Steenland, Attorney General's Office, Boston, MA, for John Difava, Ellen Philbin, Jane Perlov, Defendants.
Katherine Bissell, Regional Attorney, Elizabeth Grossman, Supervisory Trial Attorney, Michael J. O'Brien, Senior Trial Attorney, New York, NY, for the Equal Employment Opportunity Commission.
James B. Conroy, Jeffrey L. Levy, James B. Conroy, Donnelly, Conroy & Gelhaar, LLP, Boston, MA, for Charles W. *144 Flynn, Gregory P. D'Aiuto, James F. McDonald, Albert A. Simon, Jr., William F. O'Connell, Jr., Kevin Layden, John M. McDonough, Thomas F. Ryan, Thomas F. Culliney, Thomas W. Stewart, Robert M. Ryan, Michael J. Kelly, Roland Lacasse, Jr., Edward J. Lee, Jr., George E. Chaisson, Richard T. Brady,. John M. Melia, Richard J. Sullivan, Jeremiah J. Kelleher, Thomas J. McNulty, John B. Schumaker, Harold E. Ameral, Francis Nardone, James O. Giffen, Jr., Paul Maloney, John A. Crawford, Daniel E. Sullivan, Francis L. Muolo, William J. McLean, John F. Downey, Jr., Robert T. Devereaux, Movants.

MEMORANDUM AND ORDER
SARIS, District Judge.
The State Police for Automatic Retirement Association ("SPARA") has brought this action challenging the constitutionality of a permanent injunction entered in 1998 that prevented enforcement of a Massachusetts law mandating a maximum retirement age of 55 years old for members of the State Police force. Citing the recent Supreme Court ruling in Kimel v. Florida Bd. of Regents, 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) ("Kimel"), SPARA argues that the permanent injunction violates the Eleventh Amendment to the United States Constitution, and asks this Court to issue a preliminary injunction enjoining defendants from creating or implementing new lists of candidates for promotion.
Over objection, the Court permitted the Equal Employment Opportunity Commission (the "EEOC") and certain police officers aged 50 or older to intervene. The state defendants and intervenors argue that Kimel is inapplicable for three reasons: (1) a suit against a State in which the federal government is a plaintiff does not implicate the Eleventh Amendment immunity at issue in Kimel; (2) private individuals may sue State actors in their official capacity for prospective injunction relief without running afoul of the Eleventh Amendment; and (3) a state's sovereign immunity under the Eleventh Amendment belongs only to the State and cannot be invoked by other parties.
After hearing, the motion for preliminary injunction is DENIED for all three reasons.

I. BACKGROUND
In 1992, an action in United States District Court was brought by 45 officers of the former Metropolitan District Commission Police and Registry of Motor Vehicles Law Enforcement Division seeking to invalidate certain mandatory retirement provisions of state law[2] as violative of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.
*145 Judge Mazzone entered a preliminary injunction enjoining the State and its officers from enforcing the statutorily mandated retirement of State Police officers aged 55 or over. See Gately v. Com. of Massachusetts, 811 F.Supp. 26 (D.Mass. 1992). The State appealed the preliminary injunction, which was subsequently affirmed. See Gately v. Com. of Massachusetts, 2 F.3d 1221 (1st Cir.1993), cert. denied, 511 U.S. 1082, 114 S.Ct. 1832, 128 L.Ed.2d 461 (1994). The EEOC, which intervened as a plaintiff, and the individual plaintiffs moved for summary judgment seeking an order permanently enjoining the enforcement of a mandatory retirement age for officers of the Department of State Police. Judge Mazzone found in favor of the plaintiffs and entered a permanent injunction to prevent the State and its officers "from requiring officers of the Department of State Police to retire solely on the basis of their age." Gately v. Com. of Massachusetts, 92-CV13018-MA, 1998 WL 518179, at *12 (D. Mass. June 8, 1998). No damages were awarded. The State did not appeal the order. Now, SPARA has brought an action seeking to invalidate the Gately permanent injunction.

II. ANALYSIS

A. Preliminary injunction standard
In order to demonstrate that it is entitled to preliminary injunctive relief, SPARA must "establish that 1) it is substantially likely to succeed on the merits of its claim; 2) absent the injunction there is `a significant risk of irreparable harm'; 3) the balance of hardships weighs in its favor; and 4) the injunction will not harm the public interest." I.P. Lund Trading ApS v. Kohler Co., 163 F.3d 27, 33 (1st Cir.1998) (quoting TEC Eng'g Corp. v. Budget Molders Supply, Inc., 82 F.3d 542, 544 (1st. Cir.1996)). SPARA bears the burden of making each of these showings. See International Ass'n of Machinists v. Eastern Air Lines, Inc., 826 F.2d 1141, 1144-45 (1st Cir.1987) (citing Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir.1981)).

B. Likelihood of success on the merits
SPARA's chief contention is that Judge Mazzone's permanent injunction has been invalidated by the Supreme Court's ruling in Kimel.[3] In short, SPARA argues that the Kimel decision stands for the broad proposition that the ADEA cannot be constitutionally applied to a State. SPARA reads too much into Kimel. The Court's decision in Kimel holds "only that, in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals." 528 U.S. at 91, 120 S.Ct. 631. That is, because the ADEA is not legislation authorized by § 5 of the Fourteenth Amendment, a private litigant seeking money damages cannot defeat the State's Eleventh Amendment immunity. Although, as the Court states, "the ADEA is not `appropriate legislation' under § 5 of the Fourteenth Amendment," id. at 82-83, 120 S.Ct. 631, Kimel's holding *146 does not vitiate the Supreme Court's earlier decision in EEOC v. Wyoming, 460 U.S. 226, 103 S.Ct. 1054, 75 L.Ed.2d 18 (1983), which held that the extension of the ADEA to cover State and local governments is a valid exercise of Congress' authority under the Commerce Clause, U.S. Const. Art. I, § 8, cl. 3, and rejected a challenge to the ADEA based on the Tenth Amendment. See id. at 235, 103 S.Ct. 1054.
The Supreme Court has repeatedly stated that a State's immunity under the Eleventh Amendment is inapplicable where a State is sued by the federal government, even for money damages. See Alden v. Maine, 527 U.S. 706, 755, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999) ("In ratifying the Constitution, the States consented to suits brought by other States or by the Federal Government."); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 49 n. 14, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) ("the Federal Government can bring suit in federal court against a State"); United States v. Texas, 143 U.S. 621, 644-645, 12 S.Ct. 488, 36 L.Ed. 285 (1892) (finding such power necessary to the "permanence of the Union").
Further, there is no Eleventh Amendment immunity where a State official is sued in her official capacity by a private individual seeking only prospective injunctive relief to ensure that the officer's conduct is in compliance with federal law pursuant to doctrine of Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). See Seminole Tribe, 517 U.S. at 49 n. 14, 116 S.Ct. 1114 ("an individual can bring suit against a state officer in order to ensure that the officer's conduct is in compliance with federal law"); see also Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("official-capacity actions for prospective relief are not treated as actions against the State.") (quoting Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)).
Most recently, in Board of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), the Supreme Court used the Kimel congruence and proportionality analyses to determine that Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111-12117, was not legislation authorized by § 5 of the Fourteenth Amendment and could not, therefore, abrogate the Eleventh Amendment immunity of a State in a suit by a private individual seeking money damages. Garrett, 121 S.Ct. at 965-68. Significantly, the Court noted the two-fold limitation of its holding by stating:
Our holding here that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I [of the ADA] does not mean that persons with disabilities have no federal recourse against discrimination. Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief under Ex parte Young.

Id. at 968 n. 9 (citations omitted).
This last statement is fatal to SPARA's constitutional argument.[4] The ADA and ADEA were both validly enacted pursuant to Congress' authority under U.S. Const. Art. I, § 8, cl. 3 to regulate interstate commerce. Both statutes prescribe standards applicable to the States. *147 And the standards of the ADEA, like those of the ADA, can be enforced by the United States in actions brought by the EEOC, as well as by suits by private individuals for injunctive relief under Ex parte Young.
Lastly, a State's defense of sovereign immunity belongs to the State. See Clark v. Barnard, 108 U.S. 436, 447, 2 S.Ct. 878, 27 L.Ed. 780 (1883). The State has broad discretion with regard to the exercise of that immunity. That State may raise its immunity at any time during the litigation, including on appeal. See Edelman v. Jordan, 415 U.S. 651, 677-78, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The State also may waive its immunity at its pleasure. See Petty v. Tennessee-Missouri Bridge Comm'n, 359 U.S. 275, 276, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959). In this case, SPARA attempts, in effect, to force the State to invoke its Eleventh Amendment immunity. As the Court noted in Alden, "[t]he generation that designed and adopted the federal system considered immunity from private suits central to [the] sovereign dignity [of the States]." 527 U.S. at 715, 119 S.Ct. 2240. It would be anomalous to suggest that a system that must respect the dignity of the sovereign State would also allow a voluntary association to invoke the State's sovereign immunity against the wishes of that State.
Because SPARA has failed to establish a likelihood of success, the Court need not address the other prongs of the preliminary injunction analysis.

III. CONCLUSION AND ORDER
For the reasons stated above, SPARA's Motion for a Preliminary Injunction (Docket No. 2) is DENIED.
NOTES
[1] The complaint also names as defendants Ellen Philbin, Executive Director of the Massachusetts State Police Retirement Board, and Jane Perlov, Secretary of Public Safety. All three defendants are named in their individual capacities.
[2] Pursuant to Chapter 412 of the Massachusetts Acts of 1991, the Metropolitan District Commission Police and Registry of Motor Vehicles Law Enforcement Division, along with the Capitol Police, were merged with the Division of State Police to form the consolidated Department of State Police. See 1991 Mass. Acts. ch. 412, § 1. Section 122 of chapter 412, codified at Mass. Gen. L. ch. 32, § 26(3)(a), mandated that all members of the consolidated Department of State Police who will have reached their fifty-fifth birthday on or before December 31, 1992 shall retire by that date. Prior to the enactment of chapter 412, the four law enforcement agencies were operated separately. Applicable Massachusetts statutes provided that Metropolitan and Registry officers were required to retire at age 65. See Mass. Gen. L. ch. 32, § 69(d) (repealed by ch. 412, effective July 1, 1992). State Police officers were compelled to retire at age 50. See Mass. Gen. L. ch. 32, § 26(3)(a); Mahoney v. Trabucco, 738 F.2d 35 (1st Cir.) (applying the rational relation standard to uphold a mandatory retirement age of 50 for the State Police), cert. denied, 469 U.S. 1036, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984). Chapter 412 mandated retirement at age 55 across the board, thereby adding five years to the employment expectations of former State Police officers, but lopping ten years off of the tenure of former Registry and Metropolitan officers.
[3] Just prior to the hearing, SPARA advanced a different line of argument in its brief in opposition to the Defendants' motion to dismiss, namely, that Judge Mazzone misapplied the First Circuit's interpretation of a safe harbor provision of the ADEA, 29 U.S.C. § 629(j), which immunizes certain mandatory retirement laws from scrutiny under the Act. Because of the unanticipated and complex issues raised by this new argument, Plaintiff has agreed that only its constitutional argument should be considered for purposes of this motion for a preliminary injunction. The Court notes, however, that the First Amended Complaint makes no mention of a claim involving section 629(j).
[4] SPARA argues that, because an identical disclaimer is not found in the Kimel decision, this Court should infer that Kimel overruled EEOC v. Wyoming sub silento. Because Kimel expressly acknowledged EEOC v. Wyoming as valid precedent, 528 U.S. at 78, 120 S.Ct. 631, and stated that its ruling applied "only" to ADEA suits brought against States by private individuals, id. at 91, 120 S.Ct. 631, the argument that Kimel precludes suit by a federal agency is unpersuasive.